***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted June 7, affirmed July 7, 2022

In the Matter of E. I. F.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

E. I. F.,
*Respondent,*

*v.*

F. A. F.,
*Appellant.*

Linn County Circuit Court
21JU01065;
A177501 (Control)

In the Matter of P. L. F.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

P. L. F.,
*Respondent,*

*v.*

F. A. F.,
*Appellant.*

Linn County Circuit Court
20JU03825; A177502

In the Matter of A. L. F.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

A. L. F.,
*Respondent,*

*v.*

F. A. F.,
*Appellant.*

Linn County Circuit Court
20JU03824; A177503

Heidi M. Sternhagen, Judge pro tempore.

Kristen G. Williams filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Michael A. Casper, Assistant Attorney General, filed the brief for respondent Department of Human Services.

George W. Kelly filed the brief for respondents E. I. F., P. L. F., and A. L. F.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

In this consolidated appeal, father challenges the judgment terminating his parental rights to his three children, E, A, and P.[1] Father assigns nine errors, all of which assert that the juvenile court's record does not establish that there was clear and convincing evidence to support the termination of his parental rights to his three children. ORS 419B.521(1). We conclude that clear and convincing evidence established that father had engaged in conduct characterized by conditions that remain seriously detrimental to all three children. We also conclude that integration of the children into father's home is improbable within a reasonable time due to conduct or conditions not likely to change, and that termination is in the best interests of each of the children. Accordingly, we affirm.

We review the record from a judgment terminating a parent's parental rights *de novo*. ORS 419A.200(6); ORS 19.415(3). In reviewing the record, we must determine whether there is clear and convincing evidence to sustain the juvenile court's judgment, that is, we must be persuaded by the evidence that it is highly probable that termination of father's parental rights is in the best interests of his children. *Dept. of Human Services v. M. P.-P.*, 272 Or App 502, 503, 356 P3d 1135 (2015).

On appeal, father argues that the record was insufficient, at the time of trial, to terminate his parental rights under ORS 419B.504. That statute authorizes termination of parental rights only when the department proves the parent is unfit, at the time of the trial, "by reason of conduct or condition seriously detrimental to the child or ward and integration of the child or ward into the home of the parent or parents is improbable within a reasonable time due to conduct or conditions not likely to change." The inquiry under ORS 429B.504 sets forth a two-stage analysis. *State ex rel SOSCF v. Stillman*, 333 Or 135, 145, 36 P3d 490, 495-96 (2001). At the first stage, we determine if the parent "has engaged in some conduct or was characterized by some condition" and, if so, then, whether the conduct or condition is

---

[1] Mother's parental rights were terminated before the trial terminating father's parental rights, and, accordingly, mother is not a party to this case.

seriously detrimental to the child. *Id*. If the court concludes that there is a statutory ground for termination, the court must next determine whether it would be in the child's best interest to terminate the parent-child relationship. *Id*. At both stages, the "facts on the basis of which the rights of the parents are terminated" must be proved by clear and convincing evidence. ORS 419B.521(1); *Dept. of Human Services v. T. M. D.*, 365 Or 143, 158, 442 P3d 1100 (2019).

Beginning with the first stage of the unfitness inquiry, the juvenile court found that father was unfit under ORS 419B.504 based on a "lack of effort or failure to obtain and maintain a suitable or stable living situation for the child so that return of the child to the parent is possible[;]" "[f]ailure to present a viable plan for the return of the child" to father's care and custody; "[l]ack of effort to adjust the parent's circumstances, conduct or conditions to make return of the child to the parent possible[;]" and "[f]ailure to effect a lasting adjustment after reasonable efforts."

On *de novo* review, we conclude that the evidence is clear and convincing that father made little progress in the year prior to the termination trial and that he is unfit due to current conditions that, in combination, remain seriously detrimental to the children. *See State ex rel Juv. Dept. v. F. W.*, 218 Or App 436, 469, 180 P3d 69, *rev den*, 344 Or 670 (2008) (evidence of current detrimental effects on the children is pertinent to parent's unfitness, as well as to whether reunification is improbable within a reasonable time).

As to the second stage of the analysis, there was considerable testimony concerning the best interests of each of the children, including the testimony of mental health care providers, foster parents, case workers, and one of the children. All of the evidence indicates that the current foster placements for each of the children are interested in adoption rather than guardianship. The mental health professionals all testified that the children are in need of immediate stable placement. Father makes no arguments concerning the best interests of the children, and we conclude on *de novo* review that it is in the best interests of the children to terminate the parent-child relationship.

Having reviewed the record *de novo*, we conclude that the court did not err in terminating father's parental rights based on clear and convincing evidence that father had engaged in conduct and is characterized by conditions that remain seriously detrimental to all three children and that termination is in the best interests of each of the children.

Affirmed.